# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5396 | **DATE** | 8/6/2002 |
| **CASE TITLE** | Michael J. Bonkowski vs. Z Transport, Inc. and Zoran Trlin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, both the plaintiff's motion for summary judgement and the defendant's motion for partial summary judgement are denied. [Doc #24, 26].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | AUG 0 7 2002 date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 02 AUG -6 PM 3:51 | | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |


| | |
|---|---|
| Michael J. Bonkowski )<br>)<br>    **Plaintiff,** )<br>)<br>   v. )<br>)<br>Z Transport, Inc., and Zoran Trlin, )<br>)<br>    **Defendants.** ) | No. 00 C 5396<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court are contemporaneous motions for summary judgement by both parties. Plaintiff, Michael J. Bonkowski ("Bonkowski") brings a motion for summary judgement against defendants, Z Transport, Inc. ("ZTI") and Zoran Trlin ("Trlin") (collectively "defendants"), alleging violations of the Truth In Leasing Regulations ("TILR"), 49 CFR Part 376, and defamation. Defendants bring a motion for partial summary judgement against plaintiff's complaint, arguing that there have been no violations of the TILR. For the following reasons, both parties' motions are denied.

### Background

The plaintiff's complaint consists of three counts. Count I is based upon alleged violation TILR, which govern leases by authorized motor carriers of over-the-road tractors. Count II alleges a claim of "Illegal Contract", asserting that if the arrangement between plaintiff and defendants is unlawful by reason of the allegations of Count I, then there is a separate and independent cause of action for that violation. In each of the above counts, plaintiff seeks relief in the form of "recission". Count III of the plaintiff's complaint alleges defamation by the

1

33

defendants.

## Statement of Facts

Bonkowski resides in Illinois and earns his livelihood as a truck driver. ZTI is an authorized motor carrier pursuant to an authority issued by the Interstate Commerce Commission in Docket No. MC-316363. On November 25, 1998, Bonkowski signed an "Independent Contractor Agreement" with ZTI, for over-the-road freight hauling between Chicago and Los Angeles. From 1998 to 1999, Bonkowski worked as a commercial truck driver for Z Transport, Inc. On or about April 5, 1999, Plaintiff quit as a truck drive for ZTI, after providing two weeks written notice to that effect.

Thereafter, plaintiff and ZTI entered into a new agreement which involved the purchase of a new Kenworth tractor, with an actual purchase price of $110,400.00. Plaintiff and defendant had an agreement whereby ZTI would arrange for the purchase of the tractor which plaintiff would pay for at a rate of $1477 per week for 30 months.

The plaintiff made 18 weekly payment to ZTI of $1477 pursuant to the oral agreement between the parties. After 18 weeks under the arrangement, Bonkowski stopped making payments. In addition, the plaintiff refused to return the tractor to ZTI unless he was paid certain monies. Through the intercession of the Chicago Police, Bonkowski has returned the tractor to ZTI in exchange for a check in the amount of $1,400.

## Standard of Review

Summary judgment may only be granted when no material question of fact is in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, 106 S.Ct. 2505, 2511-12 (1986). The party moving for summary judgment bears the burden of identifying the evidence that

2

demonstrates the absence of a disputed material issue of fact and establishes that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53 (1986). The evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved and all reasonable inferences drawn in favor of the nonmoving party. Anderson, 477 U.S. at 2513. Further, "the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial level on the merits." Anderson, 477 U.S. at 2513.

## Analysis

Plaintiff argues that the TILR apply to the alleged transaction between the Bonkowski and ZTI, and further, that the defendants' actions have violated the TILR. In this court's opinion, genuine issues of material fact exist as to whether Bonkowski qualifies as an owner under the TILR.

Bonkowski brings his claim under 49 U.S.C. §14102. Section 14102 enables the Secretary of Transportation to issue regulations which govern owner-operator leases of equipment to authorized carriers. It provides as follows:

> §14102. Leased motor vehicles
>
> (a) General authority of Secretary. The Secretary [of Transportation] may require a motor carrier providing transportation subject to jurisdiction under subchapter I of chapter 135 [49 USCS §§13501 *et seq.*] that uses motor vehicles not owned by it to transport property under an arrangement with another party to -
>     (1) make the arrangement in writing signed by the parties specifying its duration and the compensation to be paid by the motor carrier; ..."

3

49 U.S.C. §14102

The regulations promulgated by the Secretary pursuant to this section are found at 49 CFR Part 376, and are appended in their entirety. The regulations track the statutory authority by providing that:

> §376.11 General Leasing Requirements.
>
> Other than through the interchange of equipment as set forth in §376.31, and under the exemptions set forth in subpart C of these regulations, the authorized carrier may perform authorized transportation in equipment if if it does not own only under the following conditions: [followed by a list of lease requirements]

49 CFR §376.11

Within the statute and regulations, the Secretary defines owner as "[a] person (1) to whom title to equipment has been issued, or (2) who, without title has the right to exclusive use of the equipment . . ." 49 CFR §376.1(d). In this case, since the plaintiff does not hold title, his claim must arise by virtue of being a person who had the right to exclusive use of the Kenworth tractor. The case law in this situation, however, provides no controlling precedent and little guidance with respect those actions which constitute exclusive thereby ownership under the TILR.

The few cases which have interpreted the TILR have not directly examined the issue of what actions constitute exclusive control for the purposes of §14102.[1]

---

[1] For example, plaintiff relies heavily on Owner-Operator Independent Drivers Assoc., Inc. v. Ledar Transport, 2000 U.S. Dist. LEXIS 16271 (W.D. Mo. 2000)(copy attached). Ledar, however, involved a motion for a preliminary injunction, enjoining the defendant motor carrier from operating certain motor vehicles which it did not own, until it executed written lease agreements with the owner-operators in accordance with 49 CFR §3 76.12. In the case, it was admitted that the plaintiffs were in fact owner-operators of vehicles which the carrier leased from them, and in fact the carrier had executed written leases. The issue in the case was whether such

4

For example, the District Court for the Southern District of Ohio has held that affiliated companies which on one hand (the equipment owner) lease equipment to operators, and on the other hand (the authorized carrier) lease the equipment from the operator, are collectively subject to the disclosure requirements of the regulations. Owner-Operator Independent Drivers Assoc., Inc. v.Arctic Express, Inc., 87 F.Supp.2d 820 (S.D. Ohio, 2000). In Arctic Express, however, there was no question as to whether plaintiffs were owner-operators of the equipment leased to Arctic Express, the authorized carrier. There were specific leases to that effect, and the owner-operators were the persons who acquired the equipment (at their financial risk) from D & A and then leased the same to Arctic Express.

In this case, however, the very issue of whether Bonkowski owned the tractor is contested. Plaintiff claims that he had exclusive control of the Kenworth tractor. Defendants contend that while Bonkowski may have had exclusive ownership as to third parties, Bonkowski did not have exclusive use of the tractor as to ZTI. The parties disagree over the fundamental parameters of the oral agreement between Bonkowski and Trlin. They disagree over who

---

leases complied with §376.12, and whether under those facts, plaintiffs were entitled to preliminary injunctive relief. The court concluded that the leases in question were insufficient under the regulations, and that injunctive relief was warranted. Defendant did not raise the issue, which is raised in the instant case, that plaintiff is not an "owner" under the regulations.

In Owner-Operator Independent Drivers Assoc., Inc. v. New Prime, Inc., 192 F.3d 778 (8th Cir. 1999), cert. den. 529 U.S. 1066, the issue was whether plaintiffs had a private cause of action under 49 U.S.C. §14102 and 14704, or whether the exclusive right of enforcement lay with the Federal Highway Administration. The District Court had dismissed plaintiffs' case on the basis that the FHWA had primary jurisdiction. The Eighth Circuit reversed, holding that under § 14704 a person damaged by violations of the regulations had a private cause of action to enforce them through injunctive relief and damages. The Court remanded for a determination by the District Court on the merits of whether the contractual relationships at issue were in fact "leases". 778 F.3d at 786. The Southern District of Indiana has adopted the Eighth Circuit's analysis of private cause of action and lack of primary jurisdiction in Owner-Operator Independent Drivers Assoc., Inc. v. Mayflower Transport, 161 F.Supp.2d 948 (S.D. Ind. 2001).

approached whom about purchasing a tractor in the first place. There is wide disagreement as to whether plaintiff was supposed to make or, in fact, did make a down payment as well as purchased payments on the tractor through deductions from his paycheck or whether the defendants were ultimately responsible for purchasing the tractor. Finally, the parties disagree about the facts as to the arrangement ended. ZTI and Trlin claim that Bonkowski simply walked away. Bonkowski states that it was Trlin's choice not pursue payment from the plaintiff on the balance of the purchase price of the tractor. Unfortunately, the record is contradictory and does not resolve the essence of questions above.

For this reason, in this court's opinion, genuine issues of material fact exist as to whether Bonkowski and Trlin entered into an agreement in which Bonkowski had exclusive possession of the Kenworth Tractor. If Upon a determination of the aforementioned factual issues, this court finds that those facts constitute ownership, see Ware v. Souders, 1905 WL 1981, *2 (Ill.App. 3 Dist.), then the TILR applies.

## Conclusion

For the foregoing reasons, each party's motion for summary judgement is denied.

Enter:

_David H. Coar_

**David H. Coar**

**United States District Judge**

**Dated:** August 6, 2002